STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        Docket No. CV-2019-408

RICHARD DODGE,                        )
                                      )
            Plaintiff,                )
                                      )          **ORDER ON PLAINTIFF'S MOTION**
                                      )          **FOR LEAVE OF COURT TO AMEND**
      v.                              )          **PLAINTIFF'S EXPERT WITNESS**
                                      )                  **DESIGNATION**
JON S. TOWNE,                         )
                                      )
            Defendant.                )

Before the Court is Plaintiff Richard Dodge's Motion for Leave of Court to Amend

Plaintiff's Expert Witness Designation. Mr. Dodge seeks to substitute Dr. Thomas Miller

for Dr. Kathleen Albert as his expert witness. Dr. Albert was Mr. Dodge's treating

psychologist at Goodwill NNE Bayside Neurology Rehabilitation ("Goodwill"), and Dr.

Miller was the clinical director at Goodwill at the time of Mr. Dodge's treatment. Mr.

Dodge explains that Dr. Albert has left Goodwill and that Goodwill is unable to provide

current contact information for Dr. Albert. Mr. Dodge does not detail any other efforts he

or his counsel have undertaken to locate Dr. Albert. Defendant Jon S. Towne has opposed

Mr. Dodge's motion on the grounds that Mr. Dodge has failed to show good cause for

amending the designation.

The Court's scheduling order, dated November 6, 2019, provided: "The

designation by the plaintiff(s) shall be served on all other parties not later than 3 months

from the date of this order. No extensions of the designation deadlines will be granted

except on motion demonstrating good cause and that discovery was timely and diligently

conducted in good faith." The designation deadline for Mr. Dodge was previously

extended to March 20, 2020.

As Mr. Dodge emphasizes, the Court has discretion to permit belated expert witness designations in appropriate circumstances. *See Bray v. Grindle*, 2002 ME 130, ¶ 9, 802 A.2d 1004 (upholding trial court's decision not to exclude plaintiff's expert witness testimony despite lack of expert witness designation because defendant was aware of plaintiff's retention of the expert long before trial and was not unfairly surprised). However, given the length of time that has passed since the already-extended deadline to designate expert witnesses, the late stage of litigation, Mr. Towne's opposition to the motion, and Mr. Dodge's failure to demonstrate a diligent inquiry to locate Dr. Albert, the Court is not inclined to grant the motion. If additional circumstances come to light that would establish good cause to amend the designation, Mr. Dodge may renew his motion.

For the foregoing reasons, the Court denies Mr. Dodge's Motion for Leave of Court to Amend Plaintiff's Expert Witness Designation.

The entry is:

Plaintiff Richard Dodge's Motion for Leave of Court to Amend Plaintiff's Expert Witness Designation is DENIED without prejudice.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: __11/02/2022__

_____
MaryGay Kennedy, Justice
Maine Superior Court